IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| ERIKA J. LOCKETTE, | * |
|     Plaintiff, | * |
| vs. | * |
| |     CASE NO. 4:17-CV-47 (CDL) |
| COLUMBUS CONSOLIDATED GOVERNMENT, | * |
| | * |
|     Defendant. | * |
| | * |

O R D E R

Erika Lockette is an employee of the Juvenile Court of Muscogee County. She brought this action against the Columbus Consolidated Government ("CCG"), claiming that she was subjected to race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 200e-17 ("Title VII"). CCG asserts that it is not Lockette's employer and seeks summary judgment on this ground.[1] For the reasons set forth below, the motion (ECF No. 23) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the

---

[1] CCG raised this argument in its motion to dismiss. The Court denied that portion of the motion to dismiss because its review at that time was limited to the allegations in the Complaint and Lockette adequately alleged that she was a CCG employee. Order (Nov. 9, 2017), ECF No. 8. The Court emphasized that "the record may be different at summary judgment." *Id.* Despite CCG's suggestion that she had sued the wrong entity, Lockette never sought to amend her Complaint to add Juvenile Court Judge Warner Kennon/the Juvenile Court as a Defendant.

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

Under the Court's local rules, a party moving for summary judgment must attach to its motion "a separate and concise statement of the material facts to which the movant contends there is no genuine dispute to be tried." M.D. Ga. R. 56. Those facts must be supported by the record. The respondent to a summary judgment motion must respond "to each of the movant's numbered material facts." *Id.* "All material facts contained in the movant's statement which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate." *Id.*

CCG submitted a statement of undisputed material facts with its summary judgment motion. Lockette, who is proceeding pro se, received a notice regarding the significance of CCG's

2

summary judgment motion and of her opportunity to respond to the motion and statement of material facts. Notice to Pro Se Party of Mot. for Summ. J., ECF No. 24. Though Lockette filed a response brief and one exhibit, she did not respond to CCG's statement of material facts. Therefore, CCG's statement of material facts is deemed admitted pursuant to Local Rule 56. The Court reviewed CCG's citations to the record to determine if a genuine factual dispute exists. *See Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008). The Court also reviewed Lockette's response brief and attached "Timeline of Discrimination" so that it could understand Lockette's arguments. The unsworn "Timeline of Discrimination" suggests that Lockette sought assistance from CCG's human resources when she encountered difficulties at work (to no avail), but it does not contain any assertions to suggest that CCG was her employer and thus would not create a genuine fact dispute on this issue even if it were reduced to admissible form.

The Court recognizes that Lockette asserts that she could prove her case if she were given a hearing. But Lockette does not argue that she is unable to present facts essential to justify her opposition; she simply argues that she "cannot defend against the many verbose motions brought by Defendant(s) many attorneys without a hearing." Pl.'s Opp'n to Def.'s Mot. for Summ. J. 1, ECF No. 25. The Court finds that a hearing is

3

unnecessary to decide the issues raised by CCG's summary judgment motion.

FACTUAL BACKGROUND

CCG is a consolidated city-county government. The Juvenile Court is under the Muscogee County Superior Court, and it is run by the Juvenile Court Judge. Kennon Aff. ¶ 2, ECF No. 23-3. Lockette was employed by the Juvenile Court, not CCG. *Id.* ¶ 4. The Juvenile Court Judge had authority over the terms and conditions of Lockette's employment *Id.* ¶ 5. Lockette was hired by the Juvenile Court Director on behalf of the Juvenile Court Judge. *Id.* ¶ 9. The Juvenile Court Judge made decisions regarding the operation and organization of his staff, including whom to place in staff positions and how to discipline employees for infractions. *Id.* ¶¶ 10-11, 13, 16-17. Although Lockette's benefits and health insurance were through CCG, CCG did not have any control over the supervision of Lockette, and her salary was paid by a state grant and not CCG funds. *Id.* ¶¶ 6-7. Lockette had access to CCG's "fair treatment process," but CCG's role with regard to Juvenile Court employees is not binding on the Juvenile Court, and CCG does not have authority to overturn employment decisions made by the Juvenile Court judge. Hollowell Aff. ¶ 9, ECF No. 23-2.

DISCUSSION

Title VII makes it unlawful for an *employer* to discriminate against an employee with respect to the terms and conditions of her employment. 42 U.S.C. § 2000e-2(a)(1). An employee may only bring a Title VII action against her *employer*. *Peppers v. Cobb Cty.*, 835 F.3d 1289, 1297 (11th Cir. 2016). The question for the Court is whether Lockette presented evidence to create a genuine fact dispute that CCG is her employer. She did not.

Georgia juvenile courts are authorized under the Georgia Constitution and created by state statute. Ga. Const. art. VI, § 1, ¶ I ("The judicial power of the state shall be vested exclusively in the following classes of courts: magistrate courts, probate courts, juvenile courts, state courts, superior courts, Court of Appeals, and Supreme Court."); Ga. Const. art. VI, § 1, ¶ VI ("The state shall be divided into judicial circuits, each of which shall consist of not less than one county. Each county shall have at least one superior court, magistrate court, a probate court, and, where needed, a state court and a juvenile court."); O.C.G.A. § 15-11-50(a) ("There is created a juvenile court in every county in the state."). Juvenile court judges are generally appointed by "a majority of the judges of the superior court in each circuit." O.C.G.A. § 15-11-50(b). State law sets the qualifications, training requirements, and other rules for juvenile court

5

judges.  O.C.G.A. §§ 15-11-51 to 15-11-59.  Juvenile court judges are paid in part by state grants.  O.C.G.A. § 15-11-52(c).

Georgia law provides that juvenile court judges "shall have the authority to appoint clerks and any other [necessary] personnel." O.C.G.A. § 15-11-63(a).  And, juvenile court judges are responsible for fixing the "salary, tenure, compensation, and all other conditions of employment, with the approval of the governing authority of the county."  O.C.G.A. § 15-11-63(b). Juvenile court employee salaries are typically paid out of county funds, *id.*, though Lockette's salary was paid from a state grant.  The power granted to counties by the Georgia Constitution does not extend to "[a]ction affecting any court or the personnel thereof."  Ga. Const. art. IX, § 2, ¶ I(c)(7). Based on this authority, the Court is satisfied that the Juvenile Court of Muscogee County is separate from CCG.

Even though the Juvenile Court and CCG are separate entities, Lockette could still be considered an employee of CCG if she established that CCG was her joint employer.  A "joint employer" finding recognizes that the two are separate but "collaborated to jointly employ an individual." *Peppers*, 835 F.3d at 1299.  "[W]hen considering whether two governmental subdivisions are joint employers, [the courts] must remain mindful of the state's expressed determination that the agencies

and subdivisions of government are divided and separated." *Id.* "The test for determining whether two entities acted as joint employers is relatively straightforward: 'The basis of the finding is simply that one employer while contracting in good faith with an otherwise independent company, has retained for itself sufficient control of the terms and conditions of employment of the employees who are employed by the other employer. Thus, the joint employer concept recognizes that the business entities involved are in fact separate but that they share or co-determine those matters governing the essential terms and conditions of employment.'" *Id.* at 1300 (quoting *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1360 (11th Cir. 1994)).

In *Peppers*, for example, the Eleventh Circuit concluded that the Cobb County District Attorney's criminal investigator had not established that Cobb County was his joint employer. Although Cobb County "provided paymaster, administrative, and budgetary functions for the District Attorney's Office" and "had authority to approve the District Attorney's budget, including individual salaries," Cobb County "had no involvement in recruiting or hiring [the plaintiff] as a criminal investigator, creating his job title, establishing his job responsibilities and pay, regulating his work environment, or supervising him in any way." *Id.* at 1300-01. Thus, Cobb County was not the

criminal investigator's joint employer.  Likewise, here, the undisputed evidence establishes that CCG was not involved in hiring Lockette, establishing her job responsibilities, regulating her work environment, or supervising her. Accordingly, CCG was not Lockette's employer, and Lockette may not maintain her Title VII action against CCG.[2]

CONCLUSION

As discussed above, CCG's summary judgment motion (ECF No. 23) is granted.

IT IS SO ORDERED, this 6th day of December, 2018.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[2] To the extent that Lockette's complaint could be construed as one against "the Juvenile Court of Muscogee County," the Court finds that "the Juvenile Court of Muscogee County" is not a legal entity capable of being sued.  The Court expresses no opinion as to whether Lockette could maintain a claim against a named juvenile court judge in his official capacity.  But no such claim has been asserted here.